UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC JANSON IRANKUNDA,<br><br>Plaintiff,<br><br>vs.<br><br>KING LAW FIRM,<br>BOYCE LAW FIRM,<br>SMITHFIELD<br><br>Defendants, | 4:24-CV-04070-ECS<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

Plaintiff Eric Janson Irankunda filed a pro se lawsuit against King Law Firm, Boyce Law Firm, and Smithfield. Doc. 1. Irankunda moves for leave to proceed in forma pauperis and included a financial affidavit. Doc. 2. Irankunda also moves for appointment of counsel. Docs. 4, 8.

I.  **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of

Irankunda's financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. See Doc. 2. Thus, Irankunda's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**II.     1915 Screening**

   **A.     Factual Background**

Irankunda alleges he sustained a "degloving injury" to his hands while working for Smithfield, which requires surgery. Doc. 1 at 1. Irankunda further alleges King Law Firm is his legal counsel for his work-related injury but has "abused him mentally" by undertaking various actions he did not authorize. Id. at 4. Irankunda further alleges the Boyce Law Firm has engaged in a pattern of harassment apparently while defending Irankunda's workers compensation claim. Id. at 2. Irankunda seeks damages in the amount of one million dollars. Id. at 4–5.

   **B.     Legal Background**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). See Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

When screening under § 1915, the court must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); see also Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts

supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" Id. (citation and footnote omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 554-63)). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

C.   **Jurisdictional Analysis**

Because federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), this Court must consider whether Irankunda's complaint involves a case or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Irankunda completed a Civil Cover Sheet form approved by the Judicial Conference of the United States for use in all District Courts. Doc. 1 at 6. Irankunda did not check a box indicating the alleged basis for federal court jurisdiction, but described his cause of action as being a "workerman comp claim." Id. Instead of identifying a specific federal statute, treaty, or United States Constitutional provision at issue, Irankunda simply alleged his claim gives rise to federal question jurisdiction. Id. This Court disagrees. Irankunda's complaint alleges only state law causes of action. Id. at 1–5. There is no federal statute, treaty, or Constitutional provision that could be in issue based on the allegations in the complaint or the supplement. See Docs. 1, 5.

Because federal question jurisdiction under 28 U.S.C. § 1331 is inapplicable, the Court must determine whether diversity jurisdiction exists. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Irankunda, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

According to Irankunda's complaint, he is a citizen of the State of South Dakota. Doc. 1 at 3. Irankunda's complaint does not identify the citizenship, principal place of business, or place of incorporation of the Boyce Law Firm or King Law Firm, but the Summons Irankunda completed

for each of these defendants identifies their addresses as being in Sioux Falls, South Dakota. See Doc. 6.[1] Thus, there is not complete diversity of citizenship. Having determined that federal question jurisdiction is lacking and that the plaintiff and at least two defendants are both citizens of the State of South Dakota, Federal Rule of Civil Procedure 12(h)(3) mandates that this Court dismiss Irankunda's complaint due to lack of subject-matter jurisdiction. See Sanders, 823 F.2d at 216 (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases." (citation omitted)). Because there is an absence of federal jurisdiction under the facts alleged in the complaint, Irankunda will have to re-file in state court where subject matter jurisdiction presumably exists.

Accordingly, it is

ORDERED that Irankunda's motion to proceed in forma pauperis (Doc. 2) is granted. It is further

ORDERED that Irankunda's complaint (Doc. 1) is dismissed without prejudice. It is finally

ORDERED that Irankunda's motions for appointment of counsel (Docs. 4, 8) are denied as moot.

DATED this 24th day of June, 2024.

---

[1] Irankunda completed a summons for Smithfield. Doc. 6 at 3. Neither the summons nor the complaint includes any allegations regarding Smithfield's place of incorporation or principal place of business. Id.; Doc. 1. When the complaint does not state the place of incorporation and the principal place of business of a corporate party, the pleadings are inadequate to establish diversity jurisdiction. Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987).

BY THE COURT:

_____
ERIC C. SCHULTE
United States District Judge